UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DASLYN HALL,                                          Case No. 1:26-cv-21702-JB

      Plaintiff,

vs.

CAPITAL ONE AUTO FINANCE a division of
CAPITAL ONE, NATIONAL ASSOCIATION,
TRANS UNION, LLC, and MODERN AUTO
SALES, INC.,

      Defendants.                                          /

_____

## DEFENDANTS, CAPITAL ONE AUTO FINANCE AND MODERN AUTO SALES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Capital One Auto Finance and Modern Auto Sales, Inc. ( collectively "Defendants"), by its counsel, hereby states as follows for its Answer and Affirmative Defenses to the Complaint filed against it by Plaintiff Daslyn Hall ("Plaintiff").

Except as expressly admitted or qualified hereafter, Defendants deny each and every allegation of the Complaint. Defendants answer the allegations of the Complaint only with respect to their own actions. With respect to the allegations against the other parties, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

## PARTIES

1.     Plaintiff Daslyn Hall is an individual and citizen of the State of Florida who resides in Miami-Dade County, Florida.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and so the same are denied.

2.      Trans Union is a foreign limited liability company with its principal address at 555 West Adams St., Chicago, Ill in Defendants 60661.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and so the same are denied.

3.      Modern Auto is a Florida for-profit corporation with its principal place of business at 126 N State Road 7, Hollywood, FL 33021.

ANSWER: Defendants admit the allegations in paragraph 3 of the Complaint.

4.      Capital One is a National Association with its principal place of business in Alexandria, Virginia.

ANSWER: Defendants deny the allegations in paragraph 4 of the Com

## JURISDICTION AND VENUE

5.      This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FCRA, a federal statute.

ANSWER: The allegations set forth in paragraph 5 of the Complaint are legal averments to which no response is required.

6.      Venue is proper because Plaintiff resides in Miami-Dade County, Florida and the acts and conduct complained of occurred in Miami-Dade County, Florida.

ANSWER: The allegations set forth in paragraph 6 of the Complaint are legal averments to which no response is required.

17298\329199245.v1

## FACTUAL ALLEGATIONS

**The Fraudulent Transaction**

7. On January 4, 2025, Plaintiff's sister, Dayana Hall, and Dayana Hall's boyfriend, Gerson R. St. Louis, appeared at Modern Auto Sales, 126 N. State Road 7, Hollywood, Florida 33023.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and so the same are denied.

8. Dayana Hall presented Plaintiff's personal identifying information to Modern Auto's personnel—including Plaintiff's expired, superseded driver's license.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and so the same are denied.

9. The photograph on Plaintiff's driver's license depicted Plaintiff, not Dayana Hall.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and so the same are denied.

10. A Modern Auto employee conducting even cursory examination of the license would have observed that the individual presenting the license did not match the photograph on it.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and so the same are denied.

11. Using Plaintiff's identity, Dayana Hall entered into a retail installment contract for the purchase of a 2023 Nissan automobile and obtained auto financing through Capital One Auto Finance in Plaintiff's name (the "Fraudulent Account").

17298\329199245.v1

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and so the same are denied.

12.     Dayana Hall forged Plaintiff's signature on all transaction documents.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and so the same are denied.

13.     Plaintiff was not present at Modern Auto on January 4, 2025, when the transaction occurred.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and so the same are denied.

14.     Plaintiff did not participate in, authorize, or have any prior knowledge of the transaction.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and so the same are denied.

15.     Plaintiff received no proceeds from the sale, never took delivery of the vehicle, and has never operated or possessed it.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and so the same are denied.

16.     Plaintiff did not authorize anyone, including Dayana Hall, to use her identity, her personal information, or her credit to obtain a vehicle or consumer financing.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and so the same are denied.

17.     Plaintiff had no knowledge that Dayana Hall had stolen her personal identifying information and used it to buy and finance a vehicle.

17298\329199245.v1

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and so the same are denied.

**Modern Auto's Impermissible Credit Pull**

18.     Modern Auto is a sophisticated motor vehicle dealer regularly engaged in selling vehicles and originating consumer credit agreements.

ANSWER: Defendants admit that Modern Auto is a motor vehicle dealer. All other allegations in paragraph 18 of the Complaint are denied as phrased.

19.     In connection with the January 4, 2025, transaction, Modern Auto caused or facilitated the procurement of a consumer report on Plaintiff from one or more consumer reporting agencies.

ANSWER: Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Plaintiff had not initiated any credit transaction with Modern Auto Sales.

ANSWER: Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Plaintiff had not authorized Modern Auto Sales or any of its agents to obtain a consumer report in her name.

ANSWER: Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Modern Auto had no permissible purpose to obtain a consumer report on Plaintiff.

ANSWER: Defendants deny the allegations in paragraph 22 of the Complaint.

23.     The transaction was not initiated by Plaintiff.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and so the same are denied.

24.     The person presenting Plaintiff's identification was not Plaintiff.

5

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and so the same are denied.

25.     And the identification offered was expired and superseded—on its face, a red flag for identity misuse that a dealer exercising reasonable diligence would have investigated before pulling credit.

ANSWER: Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Because Modern Auto had reason to know at the time of the transaction that the person presenting Plaintiff's identification was not Plaintiff, Modern Auto lacked any good-faith basis to believe the procurement of Plaintiff's consumer report was authorized for a permissible purpose.

ANSWER: Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Modern Auto's procurement of Plaintiff's consumer report under these circumstances was either willful or, in the alternative, the product of negligent failure to exercise reasonable diligence in verifying the identity of the purported customer before running a credit inquiry.

ANSWER: Defendants deny the allegations in paragraph 27 of the Complaint.

**Discovery of the Fraud and Initial Dispute**

28.     On February 17, 2025, Plaintiff received an email notification from Capital One advising of a payment due on an automobile loan she did not recognize.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and so the same are denied.

29.     Plaintiff contacted Capital One and learned for the first time that a Capital One Auto Finance account had been opened in her name on January 4, 2025, for the purchase of a 2023 Nissan at Modern Auto Sales in Hollywood, Florida.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and so the same are denied.

30.     On February 18, 2025, Plaintiff filed a police report with the Hollywood Police Department identifying the transaction as identity theft.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and so the same are denied.

31.     On March 21, 2025, Plaintiff provided a formal sworn victim statement to Hollywood Police Department detectives, confirming under oath that her sister Dayana Hall had used Plaintiff's personal identifying information without authorization to purchase the vehicle.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and so the same are denied.

32.     On April 19, 2025, Plaintiff submitted a written dispute to Trans Union identifying the Capital One Auto Finance account as the product of identity theft.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and so the same are denied.

33.     The dispute included the Hollywood Police Department police report and Capital One lender documentation, and demanded deletion of the account and all associated hard inquiries.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and so the same are denied.

7

34.     Trans Union forwarded Plaintiff's dispute to Capital One through the E-OSCAR Automated Consumer Dispute Verification ("ACDV") system.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and so the same are denied.

35.     On information and belief, Trans Union transmitted the ACDV without independently contacting the Hollywood Police Department, Modern Auto Sales, or any law enforcement entity, and without transmitting to Capital One the documentary evidence—including the police report—that Plaintiff had provided.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and so the same are denied.

**Trans Union and Capital One verify the Fraudulent Account as Accurate**

36.     On May 10, 2025, TransUnion notified Plaintiff that its investigation had been completed and that the Capital One Auto Finance account had been verified as "accurate."

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and so the same are denied.

37.     Trans Union did not conduct a reasonable investigation into Plaintiff's dispute.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and so the same are denied.

38.     On information and belief, Trans Union maintains a systematic policy of resolving consumer disputes—including identity theft disputes supported by police reports and FTC Identity Theft Reports—through the automated ACDV process, without independent human review of the underlying documentation.

17298\329199245.v1

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and so the same are denied.

39.     On information and belief, TransUnion's reinvestigation consisted of the transmission of an ACDV to Capital One through the E-OSCAR system and the acceptance of Capital One's verification response.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and so the same are denied.

40.     TransUnion did not independently contact the Hollywood Police Department, Modern Auto Sales, or any law enforcement entity.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and so the same are denied.

41.     TransUnion did not conduct any independent verification of the documentary evidence Plaintiff had provided.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and so the same are denied.

42.     As a result, TransUnion did not delete the Capital One account from Plaintiff's credit report.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and so the same are denied.

43.     In May 2025, Capital One began reporting the fraudulent account as delinquent on Plaintiff's credit reports.

ANSWER: Defendants deny the allegations in paragraph 43 of the Complaint.

9

44.    On May 21, 2025, Hollywood Police Department detectives arrested Gerson R. St. Louis.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and so the same are denied.

45.    St. Louis confirmed without equivocation that he and his girlfriend, Dayana Hall, had gone to Modern Auto Sales to purchase a vehicle and that Dayana Hall used Plaintiff's personal information to complete the transaction.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and so the same are denied.

46.    On May 22, 2025, Hollywood Police notified Capital One representative Nelson Pitre by email that the fraudulently purchased vehicle was in the custody of Superior Towing in Davie, Florida.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and so the same are denied.

47.    On May 21, 2025, Plaintiff mailed a second written dispute to TransUnion challenging Trans Union's confirmation that the Capital One account was the product of identity theft, identifying Dayana Hall as the perpetrator, demanding independent contact with both Modern Auto Sales and Capital One, and demanding permanent deletion of the account and all associated hard inquiries.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and so the same are denied.

48.    Plaintiff enclosed her FTC Identity Theft Report, Reference Number 187689446.

10

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and so the same are denied.

49.     On June 2, 2025, Capital One issued a written determination letter to Plaintiff stating: "We investigated your fraud/identity theft claim and have determined that the claim is not valid based on the information provided to us for our review."

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and so the same are denied.

50.     At the time of that determination, the following facts were known to Capital One or available to it upon reasonable inquiry: (a) Plaintiff had filed a police report on February 18, 2025; (b) law enforcement had reviewed surveillance footage of the Fraudulent Transaction; (c) Gerson R. St. Louis had been arrested on April 10, 2025, while operating the fraudulently financed vehicle; (d) St. Louis had provided a recorded confession on May 21, 2025, confirming that Dayana Hall used Plaintiff's personal information to complete the transaction; and (e) the vehicle had been recovered and was in a towing company's custody.

ANSWER: Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Upon information and belief, Capital One did not contact the Hollywood Police Department, did not contact Modern Auto Sales, and did not contact Plaintiff during its investigation of Plaintiff's dispute.

ANSWER: Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Instead, Capital One reviewed only its own records, generated from the fraudulent application, and determined that the resulting loan was valid.

ANSWER: Defendants deny the allegations in paragraph 52 of the Complaint.

17298\329199245.v1

53.     The Fraudulent Account remained in Plaintiff's consumer credit file and was actively reported as Plaintiff's valid obligation for approximately fifty-four days following Plaintiff's first dispute on April 19, 2025, through the date of deletion on June 12, 2025.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and so the same are denied.

54.     All conditions precedent to initiating and maintaining this action have occurred or have otherwise been waived.

ANSWER: Defendants deny the allegations in paragraph 54 of the Complaint.

## COUNT I – MODERN AUTO'S VIOLATION OF THE

## FAIR CREDIT REPORTING ACT 15 U.S.C. §§ 1681b(f) and 1681n

55.     Modern Auto Sales is a person within the meaning of 15 U.S.C. § 1681a(b) and a user of consumer reports within the meaning of § 1681b(f).

ANSWER: The allegations set forth in paragraph 55 of the Complaint are legal averments to which no response is required.

56.     Section 1681b(f) of the FCRA provides: "A person shall not use or obtain a consumer report for any purpose unless — (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

ANSWER: The allegations set forth in paragraph 56 of the Complaint are legal averments to which no response is required.

17298\329199245.v1

57.     Modern Auto Sales, in connection with the Fraudulent Transaction on January 4, 2025, caused or facilitated the procurement of a consumer report bearing Plaintiff's name and personal identifying information from one or more consumer reporting agencies.

ANSWER: Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Modern Auto is liable under the FCRA for obtaining or using a consumer report on Plaintiff without a permissible purpose and for obtaining Plaintiff's information from a credit agency under false pretenses. 15 U.S.C. §§ 1681b(f), 1681q.

ANSWER: Defendants deny the allegations in paragraph 58 of the Complaint.

59.     No permissible purpose authorized Modern Auto Sales to obtain a consumer report on Plaintiff in connection with the January 4, 2025, transaction.

ANSWER: Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Modern Auto knew or had reason to know, at the time it obtained the consumer report, that the transaction was fraudulent and thus no permissible purpose existed.

ANSWER: Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Because Modern Auto Sales had reason to know at the time of the Fraudulent Transaction that the person presenting Plaintiff's identification was not Plaintiff, Modern Auto Sales lacked a good-faith basis to believe that the procurement of Plaintiff's consumer report was authorized for a permissible purpose.

ANSWER: Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Modern Auto's violation was willful within the meaning of 15 U.S.C. § 1681n.

ANSWER: Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Obtaining a consumer report from a person presenting an expired, photo-mismatched identification for a transaction the consumer never initiated reflects reckless disregard

13

17298\329199245.v1

of Modern Auto's statutory obligations and of the risk of harm to the consumer whose report was pulled without authorization.

ANSWER: Defendants deny the allegations in paragraph 63 of the Complaint.

64.    In the alternative, Modern Auto Sales's conduct constituted negligent noncompliance within the meaning of 15 U.S.C. § 1681o.

ANSWER: Defendants deny the allegations in paragraph 64 of the Complaint.

65.    As a direct and proximate result of Modern Auto Sales's violations, Plaintiff suffered actual damages, including a hard inquiry in Plaintiff's consumer credit file reducing Plaintiff's credit score, harm to Plaintiff's credit reputation and credit score due to the negative credit reporting; Plaintiff suffered significant and ongoing emotional distress, anxiety, humiliation, and mental anguish resulting from: (i) discovering that her own sister had stolen and exploited her identity; (ii) filing a police report, providing a sworn victim statement, and participating in a criminal investigation; (iii) receiving Capital One's written denial of her fraud claim notwithstanding overwhelming corroborating evidence; and (iv) the knowledge that a debt she never incurred and a credit inquiry she never authorized were being reported to prospective creditors as her legitimate obligations.

ANSWER: Defendants deny the allegations in paragraph 65 of the Complaint.

66.    Plaintiff expended substantial personal time and out-of-pocket resources filing the police report, drafting and mailing dispute correspondence, providing a sworn victim statement, monitoring her credit, and coordinating with law enforcement in connection with the criminal investigation; and consequential harm flowing from the origination of the Fraudulent Account that Modern Auto Sales's impermissible pull enabled, including the fifty-four days of inaccurate tradeline reporting to which Plaintiff was subjected as a result.

14

ANSWER: Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

ANSWER: Defendants deny the allegations in paragraph 67 of the Complaint.

## COUNT II – TRANS UNION'S VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i

68.     Plaintiff is a natural person and therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

ANSWER: The allegations set forth in paragraph 68 of the Complaint are legal averments to which no response is required.

69.     Trans Union is a consumer reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).

ANSWER: The allegations set forth in paragraph 69 of the Complaint are legal averments to which no response is required.

70.     Trans Union has prepared and issued consumer credit reports concerning Plaintiff which have included information about the fraudulent account.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71.     Plaintiff disputed the Fraudulent Account in writing directly with Trans Union on April 19, 2025, and again on May 21, 2025. Each dispute was supported by documentary evidence, including a police report specifically identifying Dayana Hall as the perpetrator.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.

72.     Neither dispute was frivolous.

15

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73.     Section 1681i(a)(1)(A) required Trans Union, upon receiving Plaintiff's dispute, to conduct a reasonable reinvestigation of the disputed information. Section 1681i(a)(2) required Trans Union to promptly provide Capital One with all relevant information that Plaintiff submitted.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74.     When a consumer submits a police report specifically identifying a named perpetrator as the source of a fraudulent account, reasonable reinvestigation requires independent verification — not a routine ACDV query to the same furnisher whose records were generated by the fraud.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.

75.     Trans Union had no basis to treat the furnisher's confirmation of its own loan documents as meaningful corroboration when those very documents were the product of the crime Plaintiff had reported.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76.     Trans Union did not independently contact the Hollywood Police Department, Modern Auto Sales, or any other source capable of corroborating or refuting Plaintiff's documented claim. Trans Union accepted Capital One's verification—a lender that had already reviewed only its own records and concluded its own loan was valid—as the dispositive answer.

16

17298\329199245.v1

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77.     On information and belief, Trans Union maintains a systematic policy of resolving consumer disputes—including identity theft disputes supported by police reports and FTC Identity Theft Reports—through the automated ACDV process without independent human review of the underlying documentation. Application of that policy to Plaintiff's documented identity theft dispute was neither reasonable nor lawful.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78.     After receiving Plaintiff's dispute and verifying the Fraudulent Account as accurate, Trans Union continued to disseminate consumer reports about Plaintiff that included the inaccurate information to third parties.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79.     As described above, Trans Union willfully or negligently violated 15 U.S.C. § 1681i in multiple ways including, without limitation, by not conducting a reasonable reinvestigation of Plaintiff's dispute and by failing to appropriately delete the information in Plaintiff's file.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

80.     Trans Union's violations of § 1681i caused Plaintiff actual damages, including, without limitation, a lowered credit score; lost opportunity to receive credit, damage to reputation, invasion of privacy, ongoing risk of credit denials, higher interest rates, and other adverse financial

17298\329199245.v1

consequences; emotional distress, anxiety, frustration, and out-of-pocket expenses incurred in dealing with the continued reporting of the fraudulent account and repeat disputes.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81. Plaintiff has spent substantial time and effort trying to correct the record, including preparing multiple disputes, compiling documentation, communicating with credit bureaus and legal counsel, and monitoring her credit reports—all of which would have been unnecessary had Trans Union fulfilled its legal duties.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82. The continued presence of the inaccurate account on Plaintiff's credit report created ongoing anxiety, reputational harm, and fear of further collection activity—despite Plaintiff being a victim of fraud through no fault of her own.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83. Because Trans Union's conduct was willful and reflects reckless disregard of its § 1681i obligations and the rights of identity theft victims, Trans Union is liable for actual damages, statutory damages, and punitive damages under 15 U.S.C. § 1681n.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84. In the alternative, Trans Union is liable for actual damages under 15 U.S.C. § 1681o.

18

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84  of the Complaint.

85.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

ANSWER: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

## COUNT III - CAPITAL ONE'S VIOLATION OF THE
## FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b)

86.     Plaintiff is a natural person and therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

ANSWER: The allegations set forth in paragraph 86 of the Complaint are legal averments to which no response is required.

87.     Capital One is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

ANSWER: The allegations set forth in paragraph 87 of the Complaint are legal averments to which no response is required. To the extent a response is required, Defendants deny.

88.     Upon receiving Plaintiff's April 19, 2025, dispute from Trans Union, Capital One was obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation of the disputed information, review all relevant information provided by Trans Union, and report the results to Trans Union accurately.

ANSWER: The allegations set forth in paragraph 88 of the Complaint are legal averments to which no response is required.

89.     Capital One's investigation was unreasonable.

ANSWER: Defendants deny the allegations in paragraph 89 of the Complaint.

19

90.     A reasonable investigation would have included, at a minimum: independent contact with the Hollywood Police Department; independent contact with Plaintiff; and independent contact with Modern Auto Sales.

ANSWER: Defendants deny the allegations in paragraph 90 of the Complaint.

91.     On information and belief, Capital One performed none of these steps.

ANSWER: Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Instead, Capital One reviewed only its own origination records—records generated from the fraudulent application—confirmed their facial completeness, and on June 2, 2025, issued a written denial stating that Plaintiff's fraud claim was not valid.

ANSWER: Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Capital One's denial is remarkable on its face. By June 2, 2025, law enforcement had reviewed surveillance footage of the fraudulent transaction, arrested the person driving the fraudulently financed vehicle, obtained his recorded confession identifying Dayana Hall as the perpetrator, recovered the vehicle, and notified Capital One directly that the vehicle was in police custody. Capital One reviewed none of this. It looked at its own documents—documents Dayana Hall had forged—and concluded the fraud did not happen.

ANSWER: Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Capital One thereafter continued to report the Fraudulent Account to TransUnion and, on information and belief, to other consumer reporting agencies as a valid obligation of Plaintiff.

ANSWER: Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Capital One's conduct constituted willful noncompliance with the FCRA within the meaning of 15 U.S.C. § 1681n.

17298\329199245.v1

ANSWER: Defendants deny the allegations in paragraph 95 of the Complaint.

96.     An investigation process that examines only the furnisher's own origination records while ignoring an arrest, a recorded confession, and direct law enforcement notification reflects reckless disregard of § 1681s-2(b)'s requirements and of the rights of identity theft victims.

ANSWER: Defendants deny the allegations in paragraph 96 of the Complaint.

97.     In the alternative, Capital One's conduct constituted negligent noncompliance within the meaning of 15 U.S.C. § 1681o.

ANSWER: Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Capital One's violations caused Plaintiff actual damages including a lowered credit score; lost credit opportunity; damage to reputation; ongoing risk of credit denials and adverse financial consequences; emotional distress, anxiety, frustration, and out-of-pocket expenses incurred in dealing with the continued reporting of the Fraudulent Account and preparing repeat disputes—all of which would have been unnecessary had Capital One conducted a reasonable investigation.

ANSWER: Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Plaintiff has spent substantial time and effort trying to correct the record, including preparing multiple disputes, compiling documentation, communicating with credit bureaus and legal counsel, and monitoring her credit reports—all of which would have been unnecessary had Capital One fulfilled its legal duties.

ANSWER: Defendants deny the allegations in paragraph 99 of the Complaint.

100.    The continued presence of the inaccurate account on Plaintiff's credit report further created ongoing anxiety, reputational harm, and fear of further collection activity—despite Plaintiff being a victim of fraud through no fault of her own.

21

ANSWER: Defendants deny the allegations in paragraph 100 of the Complaint.

101.    Because Capital One's actions and omissions were willful and reckless, it is liable to Plaintiff for actual damages, punitive damages, and statutory damages under 15 U.S.C. § 1681n.

ANSWER: Defendants deny the allegations in paragraph 101 of the Complaint.

102.    In the alternative, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1681o.

ANSWER: Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Plaintiff is entitled to recover costs and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

ANSWER: Defendants deny the allegations in paragraph 103 of the Complaint.

## Relief Requested

WHEREFORE,  Defendants deny that Plaintiff is entitled to the relief requested. Defendants solely admit Plaintiff has requested a jury trial.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.    Plaintiffs has suffered no actual or economic damages as a result of any conduct of Defendants.

3.    Plaintiff fails to assert damages sufficient to establish standing under Article III of the U.S. Constitution.

4.    Plaintiff has failed to mitigate his damages, if any.

22

5.     Plaintiff failed to allege/establish that Defendants received proper notice of dispute from a CRA sufficient to trigger duties under § 1681s-2(b).

6.     Defendants conducted a reasonable investigation based on the information received through the ACDV process.

7.     Plaintiff cannot establish that the information furnished was inaccurate or materially misleading.

8.     Defendants reasonably relied on information presented by the applicant and had no duty to independently verify identity beyond standard procedures.

9.     The alleged harm was caused by criminal acts of third parties, constituting a superseding/intervening cause.

10.     Plaintiff's own acts or omissions contributed to the alleged damages.

11.     Any alleged damages were not caused by Defendants' conduct but by third-party identity theft and/or actions of others.

12.     All times pertinent herein, Plaintiff's alleged damages were the result of the knowing, willful actions of Plaintiff, and constituted a course of conduct pursued voluntarily and knowingly by Plaintiff.

13.     Plaintiff's damages, if any, were caused by the actions, inaction, or omissions of third parties or intervening causes over which Defendants have no control and have assumed no liability.

14.     Plaintiff is precluded from recovering damages for a willful or knowing violation because any violation, which Defendants deny, was not willful or knowing.

17298\329199245.v1

15. To the extent that Plaintiff seeks exemplary or punitive damages, such a request violates Defendants' rights under the Due Process and Excessive Fines clauses of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

16. Plaintiff's claims are barred, in whole or in part, by the equitable theories of estoppel, waiver, ratification, laches, or unclean hands.

17. Defendants acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

18. Defendants acted at all times in compliance with all federal and state statutes, regulations, and court orders to which they are subject throughout the period alleged in the Complaint.

19. Defendants was accurately reporting Plaintiff's tradeline at all relevant times.

20. Defendants correctly reported the account at all relevant times.

21. At all times, Defendants had a legitimate basis to furnish credit information about Plaintiff to the CRAs.

22. Defendants have complied with the FCRA, and is entitled to each and every defense stated therein and any and all limitations of liability.

23. Plaintiff cannot establish actual damages caused by any alleged FCRA violation.

24. Defendants reserve the right to assert additional affirmative defenses as they are discovered through the course of discovery.

**WHEREFORE**, Defendants pray that the Court:

1. Dismiss Plaintiff's Complaint against Defendants on the merits and with prejudice, and order that Plaintiff shall take nothing by his Complaint in this action;

17298\329199245.v1

Case No. 1:26-cv-21702-JB

2.     Award Defendants all costs, disbursements, and reasonable attorney's fees recoverable under the law; and

3.     Enter any other relief that the Court concludes is just and equitable.

HINSHAW & CULBERTSON, LLP

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No 0493767
2811 Ponce de Leon Blvd. – 10th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Primary Email: bfernandez@hinshawlaw.com
Secondary Email: ellampallas@hinshawlaw.com
***Attorneys for Defendants Capital One Auto Finance and Modern Auto Sales***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2026, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will serve an electronic copy upon all counsel of record, including the following:

Darren R. Newhart, Esq.
FL Bar No: 0115546
NEWHART LEGAL, P.A.
14611 Southern Blvd, Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946
***Attorneys for Plaintiff***

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No 0493767
***Attorneys for Defendants Capital One Auto Finance and Modern Auto Sales***

25

17298\329199245.v1